SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANTONIO MURILLO-RAMOS,<br>    aka "Giovanni Alberto Murillo,"<br>    aka "Miguel Murillo,"<br><br>Defendant. | Case No. 2:24-mj-501-DJA<br><br>**Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment (Fifth Request)** |

IT IS HEREBY STIPULATED AND AGREED, by and between SIGAL CHATTAH, United States Attorney, and KIMBERLY M. FRAYN, Assistant United States Attorney, counsel for the United States of America, and AMANDA PELLIZZARI, Esq., counsel for Defendant MIGUEL ANTONIO MURILLO-RAMOS, that the Court schedule the preliminary hearing in this case for no earlier than 90 days from the current June 23, 2025, preliminary hearing date. This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 14 days of a detained defendant's initial appearance, *see* Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, *see* 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1. The United States Attorney's Office has developed an early disposition program for immigration cases, authorized by the Attorney General pursuant to the PROTECT ACT of 2003, Pub. L. 108-21.

2. The early disposition program for immigration cases is designed to: (1) reduce the number of hearings required in order to dispose of a criminal case; (2) avoid having more cases added to the court's trial calendar, while still discharging the government's duty to prosecute federal crimes; (3) reduce the amount of time between complaint and sentencing; and (4) avoid adding significant time to the grand jury calendar to seek indictments in immigration cases, which in turn reduces court costs.

3. The government has made a plea offer in this case that requires defendant to waive specific rights and hearings in exchange for "fast-track" downward departure under USSG § 5K3.1. This offer will be withdrawn if it is not timely accepted before this matter is indicted and before a preliminary hearing is held.

4. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

5. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be

filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. On August 2, 2024, defense counsel Amanda Pellizzari, Esq. was appointed due to a conflict with the Federal Public Defender's Office. The parties have reached a global resolution in this case and in the revocation of supervised release matter in case number 2:20-cr-00114-JCM-NJK, which is currently set for hearing on June 9, 2025. The parties are also filing a stipulation to continue that revocation hearing. Additional time is needed because although the government has reduced the negotiations into a written plea agreement, the defendant will need time to review and execute it so that the parties can request a change of plea hearing to be set.

8. If the Court does not accept the defendant's guilty plea, the parties will need additional time to prepare for the preliminary hearing.

9. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 90 days from the current preliminary hearing date.

10. Defendant is in custody and agrees to the extension of the 14-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation.

11. The parties agree to the extension of that deadline.

12. This extension supports the public interest in the prompt disposition of criminal cases by permitting defendant to consider entering into a plea agreement under the United States Attorney's Office's fast-track program for § 1326 defendants.

13. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

14. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

15. This is the fifth request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 5th day of June, 2025.

Respectfully submitted,

SIGAL CHATTAH
United States Attorney

/s/ *Kimberly M. Frayn*
KIMBERLY M. FRAYN
Assistant United States Attorney


/s/ *Amanda Pellizzari, Esq.*
AMANDA PELLIZZARI, ESQ.
Counsel for Defendant MIGUEL ANTONIO MURILLO-RAMOS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MIGUEL ANTONIO MURILLO-RAMOS,<br>  aka "Giovanni Alberto Murillo,"<br>  aka "Miguel Murillo,"<br><br>  Defendant. | Case No. 2:24-mj-501-DJA<br><br>**[Proposed] Order on Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment** |

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled on June 23, 2025, at the hour of 4:00 p.m., be vacated and continued to **September 22, 2025, at 4:00 p.m.**

DATED this 5th day of June, 2025.

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE