TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-mj-501-DJA |
| Plaintiff, | **Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment (Seventh Request)** |
| v. | |
| MIGUEL ANTONIO MURILLO-RAMOS, aka "Giovanni Alberto Murillo," aka "Miguel Murillo," | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between KIMBERLY M. FRAYN, Assistant United States Attorney, counsel for the United States of America, and AMANDA PELLIZZARI, Esq., counsel for Defendant MIGUEL ANTONIO MURILLO-RAMOS, that the Court schedule the preliminary hearing in this case for no earlier than 60 days from the current December 22, 2025, preliminary hearing date. This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 14 days of a detained defendant's initial appearance, *see* Fed. R. Crim. P. 5.1(c); and (2) that an

information or indictment be filed within 30 days of a defendant's arrest, *see* 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1. The United States Attorney's Office has developed an early disposition program for immigration cases, authorized by the Attorney General pursuant to the PROTECT ACT of 2003, Pub. L. 108-21.

2. The early disposition program for immigration cases is designed to: (1) reduce the number of hearings required in order to dispose of a criminal case; (2) avoid having more cases added to the court's trial calendar, while still discharging the government's duty to prosecute federal crimes; (3) reduce the amount of time between complaint and sentencing; and (4) avoid adding significant time to the grand jury calendar to seek indictments in immigration cases, which in turn reduces court costs.

3. The government has made a plea offer in this case that requires defendant to waive specific rights and hearings in exchange for "fast-track" downward departure under USSG § 5K3.1. This offer will be withdrawn if it is not timely accepted before this matter is indicted and before a preliminary hearing is held.

4. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

5. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. On August 2, 2024, defense counsel Amanda Pellizzari, Esq. was appointed due to a conflict with the Federal Public Defender's Office. In July 2025, the parties reached a global resolution in this case and in the revocation of supervised release matter in case number 2:20-cr-00114-JCM-NJK. Additional time is needed because after the defendant had signed the written plea agreement (which resolves the new charge and the pending revocation petition) but before a change of plea hearing could be scheduled, Sigal Chattah resigned as interim Unites States Attorney and became the Acting United States Attorney. This change required that the masthead and government's signature block be changed in the written plea agreement.[1] Although the defendant signed the initial plea agreement, the defendant has not signed the revised agreement.

8. On December 10, 2025, at the parties' request, the Court held a status hearing in anticipation of the current December 22, 2025 preliminary hearing. The government made a record about the status of the case, including that the defendant has three options, execute the plea agreement, plead guilty without a plea agreement, or reject the fast track offer at which point the government would seek an indictment before the grand jury. Defense counsel agreed with the government's representations. Defendant advised he wants a new attorney. The Court advised the defendant to file a motion asking for new counsel.

---

[1] Recently, the government's masthead and signature block again changed. A second revised plea agreement making only those changes but not changing the terms of the global resolution was sent to defense counsel on December 9, 2025.

Defense counsel asked to continue the preliminary hearing to allow the defendant additional time to file his motion. Through this stipulation, the parties request to continue the preliminary hearing to allow the defendant time to file his motion for new counsel.

9. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 60 days from the current preliminary hearing date.

10. Defendant is in custody and agrees to the extension of the 14-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation.

11. The parties agree to the extension of that deadline.

12. This extension supports the public interest in the prompt disposition of criminal cases by permitting defendant time to file a motion for new counsel and to continue considering entering into a plea agreement under the United States Attorney's Office's fast-track program for § 1326 defendants.

13. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

14. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

/ / /

/ / /

15. This is the seventh request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 10th day of December, 2025.

                                 Respectfully submitted,

                                 /s/
                               TODD BLANCHE
                               Deputy Attorney General

                               */s/ Kimberly M. Frayn*
                               KIMBERLY M. FRAYN
                               Assistant United States Attorney

                               */s/ Amanda Pellizzari, Esq.*
                               AMANDA PELLIZZARI, ESQ.
                               Counsel for Defendant MIGUEL ANTONIO MURILLO-RAMOS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL ANTONIO MURILLO-RAMOS,<br>　　aka "Giovanni Alberto Murillo,"<br>　　aka "Miguel Murillo,"<br><br>　　　　Defendant. | Case No. 2:24-mj-501-DJA<br><br>**[Proposed] Order on Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment** |

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled on December 22, 2025, at the hour of 4:00 p.m., be vacated and continued to **February 23, 2026 at the hour of 4:00 p.m.**

DATED this 10th day of December, 2025.

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE